IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MARIE ELAINE BURNS,** | : | |
|     **Plaintiff** | : | No. 1:20-cv-01871 |
| | : | |
| v. | : | (Judge Kane) |
| | : | |
| **EXPERIAN INFORMATION** | : | |
| **SOLUTIONS, INC.,** | : | |
|     **Defendant** | : | |

### MEMORANDUM

Before the Court is Defendant Experian Information Solutions, Inc. ("Defendant")'s motion for judgment on the pleadings. (Doc. No. 12.) For the reasons provided herein, the Court will grant Defendant's motion.

**I.  BACKGROUND**

Plaintiff Marie Elaine Burns ("Plaintiff") is a "consumer" and Defendant is a "consumer reporting agency" ("CRA") within the meaning of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA"). (Doc. Nos. 1-2, 4 ¶¶ 8, 12.) Several years prior to commencing this action, Plaintiff filed a bankruptcy case, No. 16-04754, in the United States Bankruptcy Court for the Middle District of Pennsylvania. (Doc. No. 1-2 ¶ 14.) Plaintiff subsequently requested that the Bankruptcy Court dismiss her bankruptcy case. (Id. ¶ 15.)

Plaintiff thereafter filed a complaint against Defendant in state court, alleging a single count of willful violation of the FCRA due to Defendant's reporting of Plaintiff's bankruptcy case as having been "dismissed;" Defendant removed that case to this Court, where it was docketed at No.1:18-cv-00113-JEJ ("Burns 1"), and assigned to Chief Judge Jones. (M.D.Pa. Case No. 1:18-cv-00113-JEJ, Doc. No. 1-2 at 6-8.)[1] On October 11, 2018, Defendant moved for

---

[1] Plaintiff subsequently filed an amended complaint (id., Doc. No. 11), and Defendant filed an amended answer (id., Doc. No. 20).

summary judgment, and on November 26, 2018, Chief Judge Jones granted Defendant's motion. See Burns v. Experian Information Solutions, Inc., No. 1:18-cv-113, 2018 WL 6173050, at *2-3 (M.D. Pa. Nov. 26, 2018). Plaintiff again filed a complaint against Defendant in state court alleging one count of willful violation of the FCRA due to Defendant's reporting of Plaintiff's bankruptcy case as having been "dismissed" (Count One), and one count of violation of the FCRA for failure to disclose the method of verification (Count Two); Defendant removed the complaint to this Court on October 9, 2020, where it was docketed at the above-captioned case number and assigned to the undersigned. (Doc. No. 1-2.) Count One is an almost verbatim recitation of Count One of the amended complaint in Burns 1.[2] Defendant subsequently filed an answer (Doc. No. 4), and the Court held a case management conference with the parties on December 9, 2020. Defendant thereafter filed a motion for judgment on the pleadings (Doc. No. 12), with a brief in support (Doc. No. 13). After requesting an extension of time to respond, Plaintiff filed a response to Defendant's motion (Doc. No. 17), and Defendant thereafter filed a reply brief (Doc. No. 18). Accordingly, the motion has been fully briefed and is ripe for disposition.

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 12(c) provides that a party may move for judgment on the pleadings once the pleadings are closed. See Fed. R. Civ. P. 12(c). "A motion for judgment on the pleadings based on the defense that the plaintiff has failed to state a claim is analyzed

---

[2] Count One of Plaintiff's complaint in this matter (paragraphs 7-25) is identical to count one of the amended complaint in Burns 1, except for the fact that Plaintiff removed paragraph seven (7) of the Burns 1 amended complaint, leading to slightly different paragraph numbering, and the fact that Plaintiff changed "voluntarily dismissed" in paragraphs 25 and 26 in the Burns 1 amended complaint to "withdrawn by the Plaintiff in this case who was the debtor in the bankruptcy" in paragraphs 24 and 25 of the complaint in the instant case. As noted above, the complaint in the instant case also contains the addition of a Count Two. Compare Case No. 1:18-cv-00113-JEJ, Doc. No. 11 with Case No. 1:20-cv-01871, Doc. No. 1-2.

under the same standards that apply to a Rule 12(b)(6) motion." Revell v. Port Auth., 598 F.3d 128, 134 (3d Cir. 2010).  The only significant difference between a Rule 12(c) motion and Rule 12(b)(6) motion is that "on a motion for judgment on the pleadings, the Court reviews not only the complaint, but also the answer and written instruments attached to the pleadings." See Iseley v. Talaber, No. 1:05-cv-444, 2008 WL 906508, at *2 (M.D. Pa. Mar. 31, 2008) (citing 2 MOORE'S FEDERAL PRACTICE CIVIL § 12.38 (2004)).

Accordingly, in assessing such a motion, "the court must 'view the facts presented in the pleadings and the inferences to be drawn therefrom in the light most favorable to the nonmoving party,' and may not grant the motion 'unless the movant clearly establishes that no material issue of fact remains to be resolved and that he is entitled to judgment as a matter of law.'"  See Wolfington v. Reconstructive Orthopaedic Associates II PC, 935 F.3d 187, 195 (3d Cir. 2019) (quoting In re Asbestos Prods. Liab. Litig. (No. VI), 822 F.3d 125, 133 n.6 (3d Cir. 2016)).  If the facts alleged "raise a right to relief above the speculative level," then the claim is "plausible on its face" and will survive a motion to dismiss or a motion for judgment on the pleadings.  See Iseley, 2008 WL 906508, at *2 (citations omitted).  In connection with the motion, the court considers the pleadings, the exhibits attached thereto, matters of public record, and "undisputedly authentic" documents if the plaintiff's claims are based on those documents.  See id. (quoting Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196-97 (3d Cir. 1993)).

## III.     DISCUSSION

Defendant maintains that it is entitled to judgment as a matter of law because (1) Plaintiff's claims are barred by res judicata, or claim preclusion, and (2) even if her claims were not barred by res judicata, Plaintiff's complaint fails to state a claim upon which relief may be

3

granted. (Doc. No. 13 at 12-20.) The Court first addresses Defendant's claim preclusion argument.

### A. Legal Standard

The doctrine of claim preclusion, or res judicata, provides that "a final judgment rendered by a court of competent jurisdiction, on the merits, is conclusive as to the rights of the parties and their privies, and as to them constitutes an absolute bar to a subsequent action involving the same cause of action." See In re Weisbrod & Hess Corp., 129 F.2d 114, 116 (3d Cir. 1942). The United States Court of Appeals for the Third Circuit has stated that the doctrine of claim preclusion "requires a defendant to demonstrate that there has been (1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies and (3) a subsequent suit based on the same cause of action." See Lubrizol Corp. v. Exxon Corp., 929 F.2d 960, 963 (3d Cir. 1991) (citing United States v. Athlone Indus., Inc., 746 F.2d 977, 983 (3d Cir. 1984)). The "purpose of [the res judicata] doctrine is to relieve the parties of the cost and vexation of multiple lawsuits, conserve judicial resources, prevent inconsistent decisions, and encourage reliance on adjudications." See Turner v. Crawford Square Apartments III, L.P., 449 F.3d 542, 551 (3d Cir. 2006). Claim preclusion prevents relitigation of claims actually litigated in a prior proceeding, as well as claims that could have been litigated in the prior proceeding. See CoreStates Bank, N.A. v. Huls America, Inc., 176 F.3d 187, 194 (3d Cir. 1999). As to the third element of claim preclusion, the Third Circuit has stated that "[i]n deciding whether two suits are based on the same 'cause of action,' we take a broad view, looking to whether there is an 'essential similarity of the underlying events giving rise to the various legal claims.'" See id. at 194 (quoting Athlone, 746 F.2d at 984).

### B. Arguments of the Parties

In support of its argument that Plaintiff's claims in this matter are barred by claim preclusion, Defendant argues that "Plaintiff's claims were thoroughly and conclusively addressed in [Burns 1] which involved the exact same parties."  (Doc. No. 13 at 13-14.)  Defendant argues that the "prior decision constitutes a final judgment on the merits involving the same parties," and therefore, "elements one and two are satisfied."  (Id. at 14.)  With regard to the third element and whether the two suits are based on the same "cause of action," Defendant maintains that "[b]ecause Count One of Plaintiff's complaint is exactly the same as her complaint in Burns I (almost verbatim), regarding the exact same reporting of the exact same bankruptcy, Count One is the same cause of action and is therefore precluded by the principles of res judicata."  (Id.)  Further, Defendant maintains that "Plaintiff could have raised Count Two in Burns I – which arose out of the same transaction or occurrence of the same underlying events – but failed to," and so "Count Two therefore is based on the same cause of action and should be precluded by the principles of res judicata."  (Id.)

In opposition to Defendant's arguments regarding res judicata, Plaintiff maintains that her claims in this litigation are not barred by claim preclusion.   She argues that "Burns 2 is different than Burns 1 because in Burns 1 the court dismissed Plaintiff's claim because her disputes contained inadequate documentation; whereas Burns 2 contains proper documentation in the underlying disputes which form the basis of the claims in Burns 2."  (Doc. No. 17 at 5.)  Plaintiff further maintains that Burns 2 differs from Burns 1 in that "Burns 2 ad[d]s a new Count," asserting a violation of 15 U.S.C. §§ 1681i(a)(6)(B)(iii) and 1681i(a)(7), or a "failure to provide a description of the method of verification and sources for the disputed information."  (Id. at 5-6.)   Finally, Plaintiff maintains that "Burns 2 is based on disputes that occurred after Burns 1," and so is "based on an entirely new set of transactions and occurrences."  (Id. at 6.)

      **C.**    **Whether Defendant Motion for Judgment on the Pleadings Should be Granted**

Upon consideration of the complaint and answer, the arguments of the parties and the relevant authorities, as well as matters of public record, including the record in Burns 1, and accepting as true all factual allegations in Plaintiff's complaint and construing all reasonable inferences to be drawn therefrom in a light most favorable to Plaintiff, the Court finds that Plaintiff's claims in this matter fail as a matter of law. As discussed more fully above, claim preclusion requires the satisfaction of three elements: "(1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies and (3) a subsequent suit based on the same cause of action." See Lubrizol Corp., 929 F.2d at 963. The first two elements of claim preclusion are clearly met in the instant case. Burns 1 involved the same parties, and the Court's decision granting summary judgment to Defendant operated as a final judgment on the merits.

The only question for this Court is whether the instant case is "based on the same cause of action" as Burns 1. As noted above, a comparison of Count One of each complaint reveals that each assert a "[v]iolation of the Fair Credit Reporting Act and the Fair and Accurate Credit Transaction Act, 15 USC 1681 et.seq. Failure to Update Plaintiff's Bankruptcy Information to Show Voluntary Dismissal of Bankruptcy by Plaintiff" and are virtually identical, except for the minimal differences noted supra. Compare Doc. No. 1-2 at 4-6 with Case No. 1:18-cv-00113-JEJ, Doc. No. 11 at 3-5. Under the "broad view" of the cause of action appropriate in connection with a claim preclusion determination, the Court easily concludes that Count One in the instant case and Count One in Burns 1 are based on the same cause of action. With regard to Plaintiff's argument that Count One in this case somehow differs from Count One in Burns 1 because the Court in Burns 1 granted summary judgment to Defendant on the basis of its finding that Plaintiff submitted inadequate documentation, and she has submitted additional documentation

6

in the instant case, the Court notes that the decision in Burns 1 was not so limited. The Court in Burns 1 held that "the evidence also shows that [Defendant] accurately marked the bankruptcy as 'dismissed' after Burns 'withdrew' her petition." See Burns, 2018 WL 6173050, at *2.[3] Accordingly, Burns 1 conclusively established that Defendant accurately reported Plaintiff's bankruptcy as "dismissed," and the doctrine of res judicata prevents Plaintiff from relitigating that claim.

Further, while Burns 1 was limited to a sole count, and the complaint in the instant case also contains a Count Two purporting to assert a "violation of 15 USC 1681i of the Fair Credit Reporting Act Failure to Disclose the Method of Verification," Defendant correctly notes that claim preclusion applies to bar Count Two as well, as it arises out of the same transaction or occurrence – Plaintiff's challenge to the nature of Defendant's reporting of her bankruptcy – and could have been asserted by Plaintiff in Burns 1. To the extent that Plaintiff argues that Count One is based on post-Burns 1 events, the Court is persuaded by Defendant's argument that because it has already been conclusively established that Defendant's reporting of Plaintiff's bankruptcy was accurate, Plaintiff's Section 1681i claim fails as a matter of law. See Berkery v. Equifax Information Services LLC, No. 18-3417, 2019 WL 1958567, at *3 (E.D. Pa. May 2, 2019) (discussing requirements of Section 1681i and stating that "[a] claim under 1681i will . . . fail if the consumer cannot show that the information in his or her file was inaccurate") (quoting Klotz v. Trans Union, LLC, 276 F.R.D. 208, 212 (E.D. Pa. 2007)). Because the Court concludes

---

[3] In so holding, the Court noted that "Burns cites no authority indicating that the FCRA requires more than the marking of 'dismissed' when a bankruptcy has been withdrawn," and noted that the Southern District of Indiana similarly rejected such an interpretation in Childress v. Experian Information Services, Inc., No. 1:12-cv-01529, 2014 WL 3740368 (S.D. Ind. July 30, 2014). See Burns, 2018 WL 6173050, at *2.

that Plaintiff's claims are barred by res judicata, it need not address Defendant's additional arguments.

## IV. CONCLUSION

For all of the foregoing reasons, the Court will grant Defendant's motion for judgment on the pleadings. An appropriate Order follows.